(15 Misc. Rep. 625.)

### WHELAN et al. v. GORTON.

(City Court of New York, General Term.   February 7, 1896.)

1. PRACTICE—PRODUCTION OF WILL.
    On the issue as to the validity of a dying gift by testator, consisting of deposits in a savings bank, to the scrivener of his will, at the time of the execution of the will, the only evidence in support of the gift was the testimony of a witness to the will and of the scrivener.   *Held*, that counsel of the party attacking the gift was entitled to the production of the alleged will, for the purpose of cross-examining the witness as to the circumstances attending the drawing up of the same, and to offer it in evidence if its contents went to show that testator did not make the gift.

2. SAME—NECESSITY OF NOTICE.
    Where an attorney has in his possession in court a paper admissible in evidence, the other party is entitled to require its production without having served notice on the attorney to produce it.

Appeal from trial term.

Action by John F. Whelan and others against Andrew J. Gorton, interpleaded.     From a judgment for defendant, by court without jury, plaintiffs appeal.     Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

E. J. Dunphy, for appellants.
Goldsmith & Doherty, for respondent.

VAN WYCK, C. J.   The plaintiffs, as administrators of one O'Connor, deceased, sued the savings bank for funds deposited by deceased, and this defendant sought, and was allowed, to interplead instead of the bank, upon his claim that deceased, just before his death, had given and delivered to him the bank book containing these deposits.   The record shows that this defendant had first

brought action against the bank, making the same claim in that action that he does in this, and that, upon the trial of that first action, the fact was disclosed that the deceased had made what purported to be his will, which was witnessed by the plaintiff therein (the defendant herein). The record of the trial now under review shows as follows: Plaintiff's Attorney: "Now, I call on counsel to produce an alleged will, spoken of by this witness [Miss King] on her direct examination, drawn by A. J. Gorton at that time, and signed by her." Defendant's Attorney: "To which request counsel remains mute." Whereupon plaintiff's attorney called as a witness the defendant's attorney, and questioned him, as follows: Q. "Mr. Goldsmith, have you in your possession a paper testified to by Miss King as having been drawn up by A. J. Gorton and signed by her?" Defendant's Attorney: "I object to it, as immaterial, irrelevant, and incompetent." "Objection sustained. Exception." Q. "Has there been delivered to you by your client a paper purporting to be the will of O'Connor?" "Same objection, ruling, and exception." These rulings cannot be sustained, in view of the fact that Miss King was the sole witness as to the circumstances attending the dying O'Connor's gift to Gorton, and she says that Gorton, at O'Connor's request, at that time drew up what purported to be O'Connor's will, which was witnessed. It must be assumed that defendant's counsel had this paper with him in court. The plaintiff had a right to have the paper if it was in court, in order that he might cross-examine Miss King as to the circumstances attending the drawing up of the same, and to offer it in evidence if its contents went to show that the deceased did not make the gift to Gorton. And, at folio 135, the witness was asked to state the contents of this paper purporting to be deceased's will, but defendant objected, and was sustained. The defendant's attorney contends, upon this appeal, that the record does not show that any proof of service of notice to produce this paper was made; but the record does not show that he made such objection at trial, and, moreover, if the paper was in court (and it must be assumed that it was), no notice to produce was necessary. The record shows other errors against plaintiff, which it is not necessary to discuss.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.